UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE T. JORDAN-EL,

        Plaintiff(s),    CASE NUMBERS: 12-12028
                                    HONORABLE VICTORIA A. ROBERTS

v.

JUDY A. BISHOP, et. al,

        Defendant(s).
_____/

## ORDER

**I.    INTRODUCTION**

This is a civil rights action brought by a former Michigan state prisoner under 42 U.S.C. § 1983. Plaintiff Simone Jordan-El ("Plaintiff") was incarcerated by the Michigan Department of Corrections ("MDOC") at the Brooks Correctional Facility in Muskegon, Michigan. The court sentenced him to 10 to 20 years for First Degree Sexual Conduct and 1 to 2 years for attempted possession of less than 25 grams of cocaine. Defendants are individuals who participated in the grievance process.

In his *pro se* Complaint, Plaintiff alleges his sentences were unconstitutionally run consecutively. He says Defendants acted in concert to maliciously, deliberately and intentionally interpret his judgment of sentences as imposing consecutive sentences.

On June 21, 2012, Defendants filed a combined amended motion for summary judgment. Plaintiff responded on July 23, 2012. No reply was filed. The matter is fully briefed and is ready for a decision.

1

The Court **GRANTS** Defendants' motion for summary judgment; Plaintiff's Complaint is dismissed with prejudice.

## II.   BACKGROUND

On December 3, 1990, Plaintiff received a sentence of 10 to 20 years after being found guilty of First Degree Criminal Sexual Conduct on November 16, 1990.  On January 8, 1991, the court imposed a 1 to 2 years sentence for attempted possession of less than 35 grams of cocaine; he was found guilty of this crime on December 18, 1990. On the typewritten Judgment of Sentence, Judge Harvey F. Tennen wrote  "Sentence Consecutive to 89-8201."  89-08201 is Plaintiff's 10-20 year sentence.

On July 22, 1992,  then Warden William Overton signed a termination of sentence on Plaintiff's attempted possession of cocaine sentence.  A verification audit determined that this termination was in error because Judge Tennen clearly indicated that the 1 to 2 year sentence was consecutive to Plaintiff's 10 to 20 year sentence.

Defendant Judy A. Bishop recalculated Plaintiff's sentence and notified him of his new release date on May 8, 2009.

Plaintiff filed a Step I grievance on May 18, 2009, alleging that his 1 to 2 year sentence was terminated by Overton and that MDOC has unlawfully reopened his sentence.  On June 1, 2009, Defendants Jeannette A. Jackson-Miller and Cynthia S. Partridge reviewed the grievance and found that the sentences were to be served consecutively.

Plaintiff filed a Step II grievance repeating his same arguments.  Defendants Partridge and Sandra Grant  reviewed Plaintiff's grievance; they also concluded that the

sentences should be served consecutively.

At Step III, Defendant , R.D. Russel concluded that Plaintiff's grievance was adequately addressed at Steps I and II.

Plaintiff alleges the following constitutional claims: (1) violation of his Fourteenth Amendment right to substantive due process, (2) violation of his Fourteenth Amendment right to procedural due process, (3) retaliation in violation of his First Amendment rights, (4) equal protection, and (5) violation of separation of powers. He says each Defendant violated his constitutional rights by erroneously interpreting Judge Tennen's Judgment of Sentence Order to say that his sentence must be served consecutively. Plaintiff says Caruso is liable because she implemented the program that resulted in his constitutional violations; and failed to take corrective action after he sent her a request for a declaratory ruling.

## III.   STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV.   ANALYSIS

Plaintiff claims that under 42 U.S.C. §1983 each Defendant violated his constitutional rights resulting in his detainment in excess of his prison sentence. He

requests $15,000 per day for each day of excess confinement. Plaintiff also seeks punitive damages. Defendants say Plaintiff has not established that his Michigan convictions and sentences have been invalidated; thus, his § 1983 damage action challenging the calculation of those sentences is barred.

Defendants are correct. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if allowing recovery of damages would imply the invalidity of a conviction or sentence, a § 1983 plaintiff must demonstrate that his or her conviction or sentence has been reversed or vacated. *Id.* at 486-87. Otherwise, the Complaint must be dismissed. *Id.*

If the Court were to find Plaintiff's imprisonment was unconstitutionally extended because of an erroneous interpretation that his sentences were to be served consecutively, it would imply the invalidity of his sentence. Plaintiff has not established that his sentence has been invalidated, as *Heck v Humphrey* requires. His only allegation is that Defendants misinterpreted Judge Tennen's statement when the judge wrote that the 1 to 2 year is "consecutive to 89-8201." This is not sufficient to state a §1983 claim.

### IV. CONCLUSION

Defendants' motion for summary judgment is **GRANTED**. Plaintiff's complaint is dismissed with prejudice.

**IT IS ORDERED**.

                                                           S/Victoria A. Roberts  
Dated: 9/19/2012                         Victoria A. Roberts  
                                            United States District Judge

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on 9/19/2012 .<br><br> S/Carol A. Pinegar<br>Deputy Clerk |